```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF IOWA
                    CENTRAL DIVISION

ANGELA AMES,                    )
                                )    NO. 4:11-cv-00359-RP-RAW
        Plaintiff,              )
                                )    RULING ON DEFENDANTS'
   vs.                          )    MOTION TO EXCLUDE
                                )    TESTIMONY OF PLAINTIFF'S
NATIONWIDE MUTUAL INSURANCE     )    EXPERT KARIN BESCHEN
CO., NATIONWIDE ADVANTAGE       )
MORTGAGE CO., and KARLA NEEL,   )
                                )
        Defendants.             )
```

The above resisted motion [38] is before the Court following hearing. Defendants (collectively "Nationwide") move to exclude the testimony of Karin Beschen, a Counselor at Central Iowa Psychiatric Services identified by Ms. Ames as an expert. As grounds for exclusion Nationwide argues Ms. Ames failed to timely designate Ms. Beschen as an expert, or to identify her in initial disclosures or in written discovery responses.

Ms. Ames' deposition was taken on January 20, 2012. She testified that earlier that month she had started seeing Ms. Beschen. This was the first her counsel knew of Ms. Beschen's involvement. Ms. Ames saw Ms. Beschen on January 17, 2012; January 26, 2012; March 28, 2012 and May 1, 2012.

Following two extensions plaintiff's expert witness deadline was March 9, 2012. She identified two experts, but not Ms. Beschen. On May 30, 2012 Nationwide asked for the medical records from Central Iowa Psychiatric Services. Ms. Ames' counsel produced

Ms. Beschen's entire file on June 28, 2012. The file consists of sixteen pages of documents.

There was no initial disclosure or written discovery failure.[1] Though Ms. Beschen was not identified in Ms. Ames' initial disclosures, Fed. R. Civ. P. 26(a)(1)(A), nor in response to interrogatories and requests for production, Ms. Ames may "timely" supplement her initial disclosures and discovery responses when she learns at some point they are "incomplete" and "if the additional . . . information has not otherwise been made known to the other parties during the discovery process . . . ." Fed. R. Civ. P. 26(e)(1)(A). Counsel for both sides learned of Ms. Beschen's involvement on January 20, 2012 and of what it concerned only a few days after Ms. Ames began seeing Ms. Beschen. Ms. Beschen's records were produced on June 28, 2012. At that point Nationwide was aware of her identity, the subject matter of information known to her, and what she would testify about. Because Nationwide learned of the "additional information" about Ms. Beschen during the discovery process there was no Rule 26(e) duty to supplement initial or discovery disclosures.

The failure to timely disclose Ms. Ames as an expert was a disclosure failure. Fed. R. Civ. P. 26(a)(2)(C),(D). Ms. Ames, therefore, is not allowed to use Ms. Beschen as a witness unless

---

[1] Nationwide's written discovery asked Ms. Ames to identify all persons with knowledge, all trial witnesses expected to testify, and all expert witnesses.

the failure "was substantially justified or is harmless," though the Court may instead of the sanction of exclusion impose other appropriate sanctions. Fed. R. Civ. P. 37(c)(1). Ms. Ames' expert disclosure failure was not substantially justified. With refreshing candor counsel states naming Ms. Beschen as an expert "was something that fell through the cracks." (Resist. [53] at 5). Oversight is not substantial justification.

The Eighth Circuit views Rule 37(c)(1) as giving the Court "wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). In determining the appropriate Rule 37(c)(1) remedy or sanction a court should consider, among other things:

> . . . the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony.

*Id.* (citing *Sellers v. Mineta*, 350 F.3d 706, 711-12 (8th Cir. 2003)). The Court's discretion "narrows as the severity of the sanction or remedy it elects increases." *Id.* The exclusion of evidence is a "harsh penalty" which, the Eighth Circuit instructs, "should be used sparingly." *Id.* (quoting *ELCA Enters. v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 190 (8th Cir. 1995)); *see Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011).

In the case of a non-retained expert, which Ms. Beschen is, the expert disclosure rule does not require a written report as in the case of specially retained experts. Rather, the offering party is required only to identify the expert, stating the subject matter on which the witness is expected to testify and providing a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). Before the expert witness deadline Nationwide knew of Ms. Beschen and that Ms. Ames sought counseling from her. With the production of her file it became aware of the subject matter on which she would present evidence and the facts and opinions as to which she would testify as disclosed in her notes. The motion papers do not reveal Nationwide is prejudiced by the late disclosure, and Ms. Ames has agreed that Ms. Beschen's deposition may be taken. The failure is harmless.

Even if a Rule 37(c) sanction were warranted, the Court would not exclude testimony from Ms. Beschen. There is, as noted, no justification for the noncompliance, but also there is no surprise or prejudice to Nationwide. Trial is still nearly two months off and allowing Ms. Beschen's testimony will not disrupt its order or efficiency. Ms. Beschen's testimony is important to Ms. Ames on the issue of emotional distress damages.

Though the Court will not exclude Ms. Beschen's testimony, because, as the Court understands it, the only disclosure of the facts and opinions to which she may testify is in

the file produced to Nationwide, Ms. Beschen will not be permitted to testify beyond the facts and opinions set out in her files, or fairly to be inferred therefrom.

Motion to exclude plaintiff's expert Karin Beschen [53] **denied**. As no sanctionable conduct has been found, Nationwide's alternative request for an award of fees and expenses is also denied.

IT IS SO ORDERED.

Dated this 18th day of September, 2012.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE